UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DOUGLAS LYNN PENNINGTON, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 1:03CV133 RWS |

**MEMORANDUM AND ORDER**

This matter is before me on Pennington's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 [#1]. For the reasons set forth below, the motion will be denied.

*Background*

On March 30, 2001, Pennington entered into a conditional plea agreement with the Government. Under the terms of the plea agreement, Pennington agreed to plead guilty to one count of possession with intent to distribute methamphetamine and two counts of attempting to manufacture methamphetamine. The terms of the plea agreement further stated that the offense level under the United States Sentencing Guidelines would be 36 and that Pennington would be "sentenced to a term of 210 months on each of Counts I, II, and III, to be served concurrently."

Under the terms of the plea agreement, Pennington expressly agreed to waive certain appellate and post-conviction rights. Specifically, per the plea agreement:

> The defendant has been fully apprised of his right to appeal by his attorney and fully understands that he has a right to appeal his sentence under 18 U.S.C. § 3742. Both the

defendant and the Government hereby mutually agree to waive all rights to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, with the exception that the defendant does not waive his right to appeal the District Court's ruling on the First Amended Motion to Suppress Evidence and the Motion for a "Franks" Hearing, in accordance with Fed. R. Crim. P. 11(a)(2). The District Court's decision as to the aforementioned issues, except the First Amended Motion to Suppress Evidence and the Motion for a "Franks" Hearing, shall not be subject to appeal.

The defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses and defense witnesses, and that his counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and his defense, and in light of this and in the event the Court accepts this plea agreement, the defendant further agrees to waive all rights to contest the conviction or sentence, except for the grounds of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing, in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. §§ 2241, 2255, and Rule 60(b) Fed. R. Civ. P. or by means of any other petition for relief of any description.

I conducted the plea hearing on April 2, 2001. During the hearing, Pennington testified that he had read the plea agreement and had reviewed it with his attorney. Pennington testified that everything in the plea agreement was true, and he testified that he agreed with everything in it. Pennington also testified that no one promised him any particular sentence or any particular result at sentencing.

After advising Pennington that he could be given the maximum sentence for each count, I took his plea. Pennington pled guilty to the three counts.

I conducted the sentencing hearing on July 2, 2001, and I sentenced Pennington to 210 months of imprisonment and 5 years of supervised release.

After the judgment was entered, Pennington filed an appeal challenging my decisions to deny his motion to suppress and to deny his motion for a "Franks" hearing. The Eighth Circuit affirmed. United States v. Pennington, 287 F.3d 739 (8th Cir. 2002).

*Pennington's Grounds for Relief*

In his motion for post-conviction relief, Pennington raises five grounds for relief:

1. His guilty plea was unknowing and involuntary.

2. He was deprived of his Sixth Amendment right to effective counsel at the suppression hearing.

3. He was deprived of his Sixth Amendment right to effective counsel with respect to his plea agreement and his plea of guilty.

4. He was deprived of his Sixth Amendment right to effective counsel at sentencing.

5. He was deprived of his Sixth Amendment right to effective counsel on his direct appeal.

*Discussion*

Pennington's claims must be evaluated in light of the fact that he entered a guilty plea in the underlying criminal case. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (internal citations omitted); see also United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence."). As the Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).

Stated another way, a defendant who voluntarily pleads guilty waives all non-jurisdictional defects in the proceedings against him. United States v. Cordero, 42 F.3d 697, 699 (1st Cir. 1994) ("We have assiduously followed the letter and spirit of Tollett, holding with monotonous regularity that an unconditional guilty plea effectuates a waiver of any and all independent and non-jurisdictional lapses that may have marred the case's progress up to that point, thereby absolving any errors in the trial court's antecedent rulings . . ."). This waiver applies on direct appeal as well as motion s for post-conviction relief brought pursuant to § 2255. United States v. Jennings, 12 F.3d 836, 839 (8th Cir. 1994) (direct appeal); Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980) (post-conviction relief). Collateral review of a guilty plea is ordinarily confined to whether the guilty plea was both counseled and voluntary. Broce, 488 U.S. at 569; Bass v. United States, 739 F.2d 405, 406 (8th Cir. 1984) ("Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea") (citing Tollett v. Henderson, 411 U.S. 258, 266 (1973)).

A plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970); Wilcox v. Hopkins, 249 F.3d 720, 724 (8th Cir. 2001). "The threat of a heavier sentence does not render a plea involuntary." Wilcox, 249 F.3d at 724.

Pennington's challenge to the voluntariness of his plea based on ineffective assistance of counsel is governed by the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail under Strickland, Pennington first "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466

U.S. 668, 687 (1984). In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689. Second, Pennington "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. To meet the prejudice prong of Strickland, Pennington "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

> 1. *Pennington has not Established that his Guilty Plea was Unknowing or Involuntary, nor has He Established that His Counsel was Ineffective*

Pennington argues that his guilty plea was unknowing and involuntary because the Government used "scare tactics" and because his counsel failed to adequately investigate and research the potential outcome of his case. He argues that the Government exaggerated the potential sentence, and that his attorney improperly advised him that his chances of winning at trial were minimal. Pennington states that had he been properly advised of his case by the Government and his counsel, he would not have pled guilty under the terms of the plea agreement.

During the plea hearing, I asked Pennington a number of questions to determine whether his plea was knowing and voluntary:

THE COURT: Have you had enough time to discuss this case with your attorney?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with his representation of you in this case?

THE DEFENDANT: Yes.

THE COURT: Is there anything you feel your attorney should have done, but did not do, in representing you in this case?

THE DEFENDANT: No.

THE COURT: Now, I'm not required to accept your plea agreement unless I am satisfied of your guilt and satisfied that you fully understand the rights you are giving up today by pleading guilty, so I am going to ask you some questions about those rights.

Do you understand that if you plead not guilty, you are entitled to a speedy and public trial by a judge or by a jury?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at a trial you are presumed innocent, and that it's the Government's burden to prove you guilty by competent evidence and beyond a reasonable doubt?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the presumption of innocence stays with you until you are convicted, if you are convicted?

And you don't have to prove you are innocent, the Government has to prove you guilty, do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at a trial the Government would have to bring witnesses to this courtroom to testify in your presence, and that your attorney could cross-examine those witnesses, could object to the Government's evidence, and could offer evidence and call witnesses on your behalf?

THE DEFENDANT: Yes.

THE COURT: Do you understand that at a trial you would have the right to testify, and you would also have the right not to testify?

THE DEFENDANT: Yes.

THE COURT: And the Government cannot suggest or infer to the jury in any way that you are guilty because you didn't testify.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you plead guilty and I accept your plea, that you will be waiving the right to a trial and the other rights associated with a trial that I have just described?

THE DEFENDANT: Yes.

THE COURT: Do you understand that a judgment of guilty will be entered and sentence will be imposed just as if you had been guilty after a trial?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you plead guilty that you will be waiving your right against self-incrimination, because I will ask you questions about what you did, in order to satisfy myself that you are guilty as charged?

THE DEFENDANT: Yes.

THE COURT: Having discussed your rights with you, sir, is it still your desire to plead guilty?

THE DEFENDANT: Yes.

THE COURT: Mr. Pennington, has anyone threatened you in any way or forced you to plead guilty today?

THE DEFENDANT: No.

THE COURT: Now, there is a plea agreement that is being filed today.

|||
|---|---|
| | Do you have that in front of you, sir? |
| THE DEFENDANT: | Yes. |
| THE COURT: | If you would turn to the last page or the page marked 15, the middle signature purports that be that of Douglas L. Pennington, and is dated 3-30-01. |
| | Is that your signature, sir? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Did you read this before you signed it? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you go over it with your attorney? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you understand it? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Is everything in here true? |
| | Is everything in this document true? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Is there anything in here that you disagree with, but for whatever reason you went ahead and signed it anyway? |
| THE DEFENDANT: | I agree with what's in there. |
| THE COURT: | Now, I want to go over parts of it with you. |
| THE DEFENDANT: | Okay. |
| THE COURT: | Before we get to that, though, you know, a lot of this talks about the sentencing guidelines. |
| | Have you talked with your attorney about the sentencing |

guidelines?

THE DEFENDANT: Yes.

THE COURT: And you understand how they work?

THE DEFENDANT: Yes.

THE COURT: Across the top of the chart is your criminal history.

THE DEFENDANT: Right.

THE COURT: Down the side of the your [sic] chart is what we call the offense level conduct.

THE DEFENDANT: Right.

THE COURT: I don't know, as I sit here, how that chart affects you.

Do you understand that I don't know what your criminal history is?

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I don't know what the offense conduct level will be when we total everything up, do you understand that?

THE DEFENDANT: Yes.

THE COURT: When we do that, it will take us to a range on the chart, and that's the range I am supposed to sentence you to, do you understand that?

THE COURT: Has anyone promised you a particular sentence in this case?

THE DEFENDANT: Other than this agreement, I think.

THE COURT: Other than what is provided for in this agreement, has anybody made you any promises about how this case is going to work out?

THE DEFENDANT: No.

| | |
|---|---|
| THE COURT: | You understand that at the time of sentencing, if I accept this agreement, I will follow what it says. |
| | Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | It's also possible at the time of sentencing, after I would see the presentence report, that I don't accept the agreement. |
| | And if I do that, I will give you the opportunity to withdraw your guilty plea at that time. |
| | Do you understand that? |
| THE DEFENDANT: | Yes. |

\* \* \*

| | |
|---|---|
| THE COURT: | Let's talk about what is in [the plea agreement] now a little more specifically. |
| | You are entering a conditional plea of guilty to Counts 1, 2, and 3 of the indictment, reserving the right to appeal the adverse determination of the first amended motion to suppress and the motion for a Franks hearing. |
| | Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Do you understand what I just said, you have talked to your lawyer about those motions? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Now, when we talk about offense level conduct, you have agreed that the Sentencing Guideline 1B1.3 which determines the offense level conduct for a quantity of methamphetamine applies to you. |
| | Do you understand that? |
| THE DEFENDANT: | Yes. |

| | |
|---|---|
| THE COURT: | And that quantity is at least 1.5 kilograms, but less than five kilograms of a substance containing methamphetamine. |
| THE DEFENDANT: | Right. |
| THE COURT: | Or at least a hundred fifty grams, but less than five hundred grams of actual methamphetamine? |
| THE DEFENDANT: | Yes. |
| THE COURT: | And that gives us a base offense [] level 34 under Counts 1, 2 and 3.<br><br>Do you understand that? |
| THE DEFENDANT: | Yes. |
| THE COURT: | Okay.<br><br>You have also agreed with the Government that you are an organizer or leader of a criminal activity that involved fiver or more participants. |
| THE DEFENDANT: | Yes. |
| THE COURT: | Or otherwise the activity was extensive, and that a four-level adjustment upward under 3B1.1(a) is applicable to you?<br><br>Do you understand that? |
| THE DEFENDANT: | Yes. |
| * * * | |
| THE COURT: | And this is a stipulated sentence that you have entered into with the Government of 210 months on each of Counts 1, 2 and 3, to be served concurrently, that is, all at the same time. |
| THE DEFENDANT: | Yes. |

Transcript of Change of Plea, April 2, 2001, pp. 75-86.

Based on the above colloquy, I find that Pennington has not shown that his plea was

-11-

unknowing or involuntary. Pennington specifically acknowledged that he would receive a sentence of 210 months. He stated under oath that he was guilty of each element of each count against him, that no one had promised him a different sentence, and that no one had threatened him. Pennington's current statements to the contrary are therefore incredible.

The record reflects that counsel's advice to Pennington regarding the costs versus the benefits of pleading guilty or going to trial was sound. Had the case gone to trial, the Government would have worked to establish sufficient facts to raise Pennington's sentencing range to 292 to 365 months imprisonment. Additionally, I would have been free to depart upward from the Guidelines if I determined a departure was warranted. Because his counsel adequately advised him as to the risks of proceeding to trial, Pennington has not shown that counsel's advice was deficient as required by Strickland. As a result, I will deny Pennington's requested relief on this ground.

> 2. *Pennington's Claim of Ineffective Assistance of Counsel at the Suppression Hearing Will be Denied Because is Foreclosed by His Guilty Plea*

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. As a result, Pennington's claim for ineffective assistance of counsel at the suppression hearing is foreclosed by the fact that he pled guilty.

Even if this claim were not foreclosed, Pennington would not be able to show that counsel's performance was deficient under the Strickland test because the Eighth Circuit ruled that the denial of the motions to suppress and for a "Franks" hearing was not in error.

> 3. *Pennington's Claim of Ineffective Assistance of Counsel During Plea Negotiations and at the Plea Hearing Will be Denied Because of My Determination that His Plea was Knowing and Voluntary*

To the extent that Pennington is claiming deprivation of a constitutional right prior to the guilty plea, his claim is barred by the rule in Tollett. In all other respects, his claim of ineffective assistance of counsel during plea negotiations and at the plea hearing is simply another way of saying that his plea was unknowing and involuntary. Because I have determined that Pennington has failed to show that his plea was unknowing and involuntary, I will deny Pennington's requested relief on this ground.

> 4. *Pennington's Claim of Ineffective Assistance of Counsel at the Suppression Hearing Will be Denied Because He Cannot Show that Counsel's Performance was Deficient under Strickland*

Pennington cannot prove that he was prejudiced by counsel's performance at the sentencing hearing as required by the Strickland test. The plea agreement was clear that the sentence to be imposed was 210 months. I told Pennington at the plea hearing that if I accepted the plea agreement, I would sentence him according to its terms. At the sentencing hearing, I sentenced Pennington to 210 months. Pennington cannot have been prejudiced by the entry of a sentence that he knowingly and voluntarily agreed to with the Government. As a result, I will deny Pennington's requested relief on this ground.

> 5. *Pennington's Claim of Ineffective Assistance of Counsel on Direct Appeal Will be Denied Because He Cannot Show Prejudice*

Pennington asserts that counsel was deficient because he failed to assert on appeal "the fact that the testimony of the government's witnesses at the suppression hearing was false and/or misleading in many respects and that the documents presented in support thereof were not true

and accurate copies of the originals thereof." Pennington also argues that his counsel, Keith Sorrell, failed to raise all possible issues on appeal because he was then negotiating with the Government for a position with the United States Attorney's Office.

Pennington's request for relief on this ground will be denied because he cannot show that counsel was deficient or that he was prejudiced by counsel's actions. First, Sorrell did raise the issue of the Government's witness's credibility as the basis for the argument that I erred in denying the motion for a "Franks" hearing. Second, the record does not establish that the Government's witness's committed perjury or that the Government introduced false records into evidence. Sorrell cannot have been deficient for failing to make arguments that were not supported by the record. Finally, nothing in the record indicates that Sorrell breached his duty of loyalty to Pennington. As a result, I will deny Pennington's requested relief on this ground.

For the reasons stated above, Pennington's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Pennington's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Pennington has not made a substantial showing of the denial of a federal constitutional right.

Dated this 1st Day of July, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE